IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-38,481-03




EX PARTE SAMSON PEREZ CASIANO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1178978-A IN THE 208TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to thirty years’ imprisonment. 
            Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because appellate counsel failed to timely file a notice of appeal. The trial court has entered findings
of fact and conclusions of law, making reference to an abatement hearing held on July 16, 2010. 
Although the trial court ordered the district clerk to provide this Court with the court reporter’s
record of that hearing, the habeas record does not contain the record of the July 16, 2010 hearing.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond
to Applicant’s claim of ineffective assistance of counsel. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first ensure that the habeas record is supplemented with a transcript of
the July 16, 2010 abatement hearing. The trial court shall make findings of fact and conclusions of
law as to whether Applicant was denied his right to a meaningful appeal because Applicant’s
appellate counsel failed to timely file a notice of appeal. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
Filed: July 24, 2013
Do not publish